Good morning ladies and gentlemen. Our first case for this morning will be United States against Alfonso Ochoa-Montano and I think Mr. Boulorczy, are you here on the phone? Yes, good morning, I am. Good morning. Okay, so in that case we are ready to proceed with your argument and remember that you have ten minutes and so if you're going to save your two minutes for rebuttal you to watch that on your own end. Yes, Your Honor, and good morning and if you may please the court first and foremost I appreciate the court's understanding and allowing me to appear this morning by telephone given unfortunately the severe cold that I have. Your Honor, although I will be filing a letter under Rule 28J in this matter... Would you mind speaking up a little? Can you get the I can hear you but you're not really too loud so they're going to see if they can... I apologize, Your Honor, it could also be because I am awfully congested but I will speak more loudly. Thank you. Your Honor, if I may please the court, on behalf of Mr. Ochoa-Montano, we would pray that the appellant's request be upheld and the case be remanded to the district court for further proceedings. In this particular case, and I will be filing a letter pursuant to Rule 28J, I think that one of the cases that would be very useful for the court's consideration I think was in the United States versus Pilon or Pilon, that was 12-3159 and I believe the Honorable Judge Sykes also presided over that case. Your Honor, in this particular case the factors that the court considered, we are cognizant that the court, the district court, did not need to recite an endless reasoning for each of the 3553 factors. However, in this particular case, two things have to be brought to light. The first one is that the court still has to take into consideration what it has previously determined to be extraordinary family circumstances as it did in Pilon. Unlike the defendant previously in Castro Alvarado, Your Honor, this is not a defendant that had such an extensive criminal history. Furthermore, Your Honor, the fact that he has a child that suffered from a hundred percent disability requiring 24-hour a day care, where in particular the government itself had recommended a sentence to be imposed on the lower end of the guidelines, further was indicative that the court erred when it deviated by, I apologize, not deviated, but rather when it imposed a sentence, it didn't recognize that really this was clearly a case for a 3553 deviation. The court was aware of the family circumstances. Her remarks make that quite clear. So you're really just asking us to disagree with the weighing of these factors. It's not as though she didn't know about the family situation. That is correct, Your Honor. The court knew about this family situation, but I think what the court did not quite take into consideration, and granted when you are dealing with discretion and its subjectiveness, it's very hard to set it into clear terms. However, if we look at this honorable court's prior decisions, and I think that there are three decisions that are really central, or four decisions that are central. Pilon is one of them, and I apologize if I'm mispronouncing it. I know the government refers to Smith in its brief also, but also if we look at the recent decision, Your Honor, that came down in Jerry Fogle, and that was 15-3770. In this particular case, there are two things that the court always looked into. There is no doubt, as Your Honor is mentioning it, that the court did look into the family situation. This is, in fact, an extraordinary set of circumstances. This is a 100% disabled child. But, you know, this child had not yet been born at the time he re-entered, had he? No, Your Honor. The child was born thereafter. When he came into the country after he was deported in 2002, and if my memory serves me right, the child was born after his re-entry. He did not receive three prior deportations in that case, but rather he had four returns at the border. In other words, catch and release and return. And that's what the district court was worried about. The district court felt that he hadn't really gotten the message that the law required him not to return without the permission of the Attorney General. And he admitted that he was wrong. That is not in dispute whatsoever. However, when I, when the court's argument is that, you know, he is the judge used for the need for deterrence and to promote respect for the law, Mr. Montano at no time tried to minimize his conduct. He accepted responsibility and pled guilty to it. Our sole contention here is the government's position is that, well, he's just unhappy that the judge issued a sentence that is on the higher end, and that's why there's no appeals before the court. Our position is, I'm not going to deny that. He's not happy. Of course he's not happy. However, we still believe, Your Honor, when we take these cases, the gravity, the extraordinary family circumstance in this particular case, under the totality of the circumstances, clearly outweigh a sentence in the higher end of the guidelines. In this particular case, we were requesting that he be sentenced to time served and move on to ICE. Well, he would have been an opportunity to I incorrectly, on the record, told the court that it was a credible fear, but it should have been a reasonable fear, and he would have remained in custody. He had been in custody, taking into account the time that he had already been with ICE before he was indicted in the district court, almost nine months. And when we look at all the factors on the 35-53, Your Honor, this particular defendant cannot be compared to some of the other defendants and cases that have been before, Your Honors. This is not an aggravated drug trafficker with a lengthy history of violations, but rather, he had one conviction back in 2001, was deported from the United States and returned in 2002. That may be true, but of course this was a sentence, even though it was at the top of the range, it was a sentence within the guidelines recommended area. That is correct, Your Honor. The court did not deviate outwards from the guideline range. Right. And there is no doubt that it is with the guideline range, but our contention is that when the court sentenced him within that guideline range, is it a punishment or the punishment is just not fitting the totality of the circumstances. In this particular case, the fact that we have extraordinary family circumstances, this is a minor child that is 100% disabled, has no care whatsoever other than the one that is afforded by the mother, and as a result, even the minor child had to quit school to be able to support the family. Yes, the court did consider it, but the harshness of the sentence is what makes it an abuse of discretion in this particular case. I think that under the totality of circumstances and based on the cases that Your Honors have previously decided, that's what makes this case so unique and distinguishable from the other cases, Your Honors. All right, well why don't I think that's, we have your point, so if you'd like to say, I don't know if you have any more time. You have a little more than two minutes, so if you'd like to save that for rebuttal. That's quite all right, Your Honor. All right. Thank you, Your Honor. Certainly. We will hear from Mr. Cutchin for the government. Good morning, Your Honors. My name is Jim Cutchin. On behalf of the United States, I won't belabor the points made in our brief, and from the court's comments, it's clear that you're familiar with the record. This is simply not a case where the district court didn't consider the arguments that were made by the appellant in the district court, and it is, I believe, simply a case where the appellant wishes the court had credited those arguments differently. And I certainly understand that, but that's not the standard for appeal in this case. So for the reasons that are set forth more fully in our brief, we'd ask the court to affirm the judgment of the district court. Unless there's any questions? Thank you. I see none, so thank you very much. I guess you're not off for very long, Mr. Berlacci. If you have a final thought or two you'd like to leave us with. No, Your Honor. One, I thank the court and matters submitted by the appellant. All right. Thank you very much. Thanks to counsel. We'll take the case under advisement.